UNITED STATES DISTRICT COURT
for the SOUTHERN DISTRICT OF INDIANA,
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHA'RON ALEXANDER, *et al.*,       ) | |
|                                                              ) | |
|        Plaintiffs,        ) | |
|                                                              ) | |
|   *vs.*                                            ) | CAUSE NO. 1:12-cv-1468-SEB-DKL |
|                                                              ) | |
| SVC MANUFACTURING, INC., *et al.*,           ) | |
|                                                              ) | |
|        Defendants.        ) | |

**ORDER**
*Motion for Leave to File Second Amended Complaint* **[doc. 59]**

Plaintiffs move for leave to file a proposed second amended complaint [doc. 59-2] ("*Proposed Complaint*"), making the following changes to the *Amended Complaint* [doc. 49]: **(1)** adding PepsiCo, Inc. as a defendant to Counts 1 and 2; **(2)** add two plaintiffs, Erwin Purcell and Charles Weathers, to **(a)** Count 1's claim of discrimination under 42 U.S.C. § 1981 (but not Title VII) against SVC Manufacturing, Inc. ("SVC") and PepsiCo Inc. and **(b)** Count 3's claim of violation of the duty of fair representation under 29 U.S.C. § 185 against the United Steel Workers and Local Union No. 1999 of the United Steel Workers ("Unions"); **(3)** drop currently named plaintiffs Howard Harris and Latonya Dickerson from Count 1's claim of violation of Title VII because it is has been discovered that they failed to file charges with the EEOC; **(4)** amend the race of Melna Rogers from Hispanic to Asian; and **(6)** clarify that Plaintiffs were employed by SVC Manufacturing, Inc.

1

On August 23, 2013, the Court dismissed, without prejudice, defendants Stokely Van-Camp, Inc.; The Quaker Oats Company; Quaker Oats Capital Corporation; and PepsiCo, Inc. ("the Parent Defendants") because Plaintiff did not plead enough facts to establish that these defendants — the hierarchy of parent entities of SVC — could be found to have directed the discrimination alleged in the *Amended Complaint* or were a party to the collective bargaining agreement that is alleged to have been breached. Thus, the Court found that the *Amended Complaint* failed to state claims against the Parent Defendants that were plausible on their faces.

Defendants United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, and Local Union No. 1999 of United Steelworkers, (both, collectively, "Unions"), object to the addition of proposed plaintiffs Erwin Purcell and Charles Weathers to the claim against the Unions for breach of the duty of fair representation (Count 3) because their claims are barred by the six-months statute of limitations and their claims do not relate back. SVC has not opposed Plaintiffs' motion.

**PepsiCo, Inc.'s addition as defendant to Counts 1 and 2.** Plaintiffs, former employees of SVC, allege that they were terminated purportedly for falsifying documents relating to claims for unemployment compensation but their completions of the documents were in accordance with "Plant Rule No. 1 found in PepsiCo, Inc.'s Associate and Salaried Associate Resource Manual" and this reason was merely a pretext for discrimination

2

against minorities and retaliation for exercising FMLA rights. *Proposed Complaint* ¶ 13.

Plaintiffs rely on their new allegations in ¶¶ 13, 25, 26, and 27 as their factual showing "regarding the role of PepsiCo, Inc. in directing the discriminatory and illegal activities . . . ." They allege that Bob Badgley, "PepsiCo" Director of Labor Relations, and Sarah Leese, "PepsiCo" HR Manager, "formulated, directed, and administered the personnel policy that resulted in the discriminatory acts and illegal terminations" and "directed as well as commanded the personnel actions that resulted in the discriminatory acts and illegal terminations." *Proposed Complaint* ¶ 25. By using the appellation "PepsiCo", which the *Proposed Complaint* defines as the collective reference to both SVC and PepsiCo, Inc., *id.* ¶ 1.a., instead of "PepsiCo, Inc.", the Court assumes that both Mr. Badgley and Ms. Leese are, at least formally, employed by and serve in their respective positions for SVC.

The allegation that the "Plant Rule No. 1," which Plaintiffs followed in filing for unemployment compensation for the past twenty years, *Proposed Complaint* ¶¶ 13 and 15, also appears in a PepsiCo Inc. personnel manual does not, by itself, show or render plausible that PepsiCo, Inc. directed or otherwise compelled SVC to adopt the same policy inconsistently with parent-subsidiary corporate formalities. In addition, even if PepsiCo, Inc. had a role in SVC's adoption of Plant Rule No. 1, the allegation that Plant Rule No. 1 was used or newly enforced in such a way as a pretext for discrimination does not implicate PepsiCo, Inc. in the pretextual discriminatory application of the rule.

In ¶ 26, Plaintiffs allege facts as "indicia that Bob Badgley and Sarah Leese are PepsiCo, Inc. employees." In her dismissal order, the district judge noted that Plaintiffs' previous allegations in the *Amended Complaint* "clearly do not meet" the standard for piercing the corporate veils of the hierarchy of parents above SVC (culminating in PepsiCo, Inc.) and that Plaintiffs did not maintain that their allegations were sufficient to pierce the veils. *Order Granting Motion to Dismiss* [doc. 51] at [5]. In their present motion, Plaintiffs state that their new allegations are intended to show "the role of PepsiCo, Inc. in directing the discriminatory and illegal activities," not directly to pierce the corporate veils of the dismissed parents/subsidiaries in order to reach PepsiCo, Inc., *Motion for Leave to File Second Amended Complaint* [doc. 59] ¶ 2, and their *Proposed Complaint* does not make a direct, explicit allegation that SVC is the alter ego of PepsiCo, Inc. or that the corporate veils between them are otherwise pierced. However, by alleging that Badgley and Leese are actually (or additionally) employees of PepsiCo, Inc., an alter-ego or veil-piercing claim is necessarily asserted.

The allegations that PepsiCo, Inc. controls all the terms and conditions of Badgley and Leese's employment and their ability to hire and terminate employees; that PepsiCo, Inc. trains and evaluates them; and that both represent themselves as PepsiCo, Inc. employees are just enough facts to render plausible that Badgley and Leese are PepsiCo, Inc. employees and, therefore, were acting on behalf of PepsiCo, Inc. when engaged in their alleged discriminatory acts

In addition, the allegation in ¶ 26 that Badgley and Leese sought approval from PepsiCo, Inc.'s Corporate and Compliance and Legal Department "[i]n performing the discriminatory acts and illegal terminations" is sufficient to render plausible that, regardless of alter-ego or veil-piercing doctrine, PepsiCo, Inc. was involved in directing the alleged discriminations. Discovery might reveal that the approvals sought by Badgley and Leese from PepsiCo, Inc. and the communications between them did not alert PepsiCo, Inc. to the discriminatory nature of the actions subsequently taken, or that PepsiCo, Inc.'s communications did not constitute direction of discriminatory acts, but the allegation is sufficient to allow addition of PepsiCo, Inc. as a defendant at this time.

Because the Court finds that the allegations of ¶ 26 are sufficient to permit the addition of PepsiCo, Inc. as a defendant to Counts 1 and 2, the sufficiency of ¶ 27's allegations are not addressed. Any problem with the allegations may be addressed by the appropriate motion.

**Addition of Edwin Purcell and Charles Weathers to Count 3.** The Unions object that the addition of Edwin Purnell and Charles Weathers to Count 3 is futile because the statute of limitations has already run on their claims and their claims do not relate back to the filing of the original complaint under Fed. R. Civ. P. 15. In response, Plaintiffs do not contest that the statute of limitations has expired on Purnell's and Weathers's claims and such appears to be correct. Plaintiffs argue, instead, that because Purnell and Weathers allege the same facts and circumstances arising out of the same occurrence as alleged in the

5

*Amended Complaint*, their claims should relate back and, therefore, be considered timely.

Relation back of amendments under Fed. R. Civ. P. 15(c) generally does not permit the addition of plaintiffs past the expiration of the statute of limitations except in certain cases of class actions, which this case is not. *See Paskuly v. Marshall Field & Co.*, 646 F.2d 1210, 1211 (7th Cir. 1981); *Otto v. Milwaukee County*, No. 07-C-427, 2007 WL 3228118 (E.D. Wis., Oct. 30, 2007); *Hawkins v. Groot Industries, Inc.*, 210 F.R.D. 226 (N.D. Ill. 2002). While the original *Complaint* gave the Unions notice of the existing Plaintiffs' claims, it gave them no notice that, but for a mistake concerning the identity of Purcell and Weather, they would have been named as plaintiffs as well. Therefore, leave is not granted to add Purcell and Weathers as plaintiffs to Count 3.

**Remaining amendments.** There being no objection, leave is granted to make the remaining amendments.

## Conclusion

Plaintiff's *Motion for Leave to File Second Amended Complaint* [doc. 59] is **GRANTED in part** and **DENIED in part** as follows:

    **1.** Leave is **denied** to add Erwin Purcell and Charles Weathers as plaintiffs on Count 3.

    **2.** Leave is **granted** to add PepsiCo, Inc. as a defendant to Counts 1 and 2.

    **3.** Leave is **granted** to add Erwin Purcell and Charles Weathers as plaintiffs to

Count 1's claim of race discrimination in violation of 42 U.S.C. § 1981.

    **3.** Leave is **granted** to drop plaintiffs Howard Harris and Latonya Dickerson from Count 1's claim of race discrimination in violation of Title VII.

    **4.** Leave is **granted** to change the race of plaintiff Melna Rogers from Hispanic to Asian.

    **5.** Leave is **granted** to clarify that Plaintiffs were employed by SVC Manufacturing, Inc.

    **SO ORDERED this date:** 02/27/2014

_____
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution to all ECF-registered counsel of record *via* ECF-generated e-mail.